Haralson *v.* Bridges.

GREEN L. J. HARALSON and WIFE, Plaintiffs in Error, *v.* DAVID BRIDGES, Defendant in Error.

ERROR TO JOHNSON.

A payment of rent made to a husband is a legal discharge of liability for rent to a wife, arising out of her estate; although they were living apart. The fact that husband and wife are living apart does not alter their legal rights in this respect.

THIS suit was brought in the Circuit Court of Johnson County, by Haralson and wife against Bridges, in assumpsit, for rent due and in arrear, on an agreement not under seal, for certain premises described in the declaration. The cause of action arose before the intermarriage of the plaintiffs ; the premises had been leased from Mrs. Haralson.

The cause was heard before DENNING, Judge, at August term, 1852, of the Johnson Circuit Court.

J. JACK, for plaintiffs in error.

R. S. NELSON, for defendant in error.

TRUMBULL, J. This was an action of assumpsit, by husband and wife, for the recovery of rent which arose out of the estate of the latter, and fell due before their intermarriage. The defendant pleaded payment to one Smith, who was, at the time of the leasing and occupation of the premises and the receipt of the rent, the husband of the said Judith, the present Mrs. Haralson; the plaintiffs replied, that the payment was made by collusion, and to prevent them from receiving the rent as was their legal right, and alleged that the said Smith, at the time when, &c., and till the said Judith was subsequently divorced from him, was living notoriously separate and apart from her,

having abandoned and wholly neglected to support her. To this replication there was a demurrer which the circuit court sustained, and that decision is now assigned for error.

We have no doubt that a payment made to Smith, while the husband of Judith, was a legal discharge of the defendant's liability. The fact that he and his wife were then living apart did not alter their legal rights in this respect. It may be that upon the state of case set forth in the replication, a court of equity would interfere to prevent the collection, by the husband, of the rents issuing out of the wife's estate; but unless restrained in some such way, the lessee's right to make payment to the husband is unquestioned.

*Judgment affirmed.*